IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROY SHEPPARD, on behalf of himself and
all others similarly situated                                                                              PLAINTIFF

vs.                                        NO: 4:07CV01183 BSM

ORKIN EXTERMINATING COMPANY,
INC., ET AL.                                                                                              DEFENDANTS

**<u>ORDER</u>**

Pending before the court is plaintiff's motion to vacate the scheduling order [Doc.. No. 62]. Plaintiff states that in light of the pending motions the parties will be unable to meet the current deadlines. Defendants have responded.

The parties agree that plaintiff should not be required to file his motion for class certification until after the ruling on the motion for summary judgment. Plaintiff argues that the court should issue a new scheduling order only after resolution of the pending motions for summary judgment and to reconsider the discovery order. Defendants counter that the court should not hold the scheduling order in abeyance but should set new deadlines with regard to certain matters. Defendants ask that the discovery deadlines in the case be consistent with the discovery deadlines in the *Kryzyzanowsky* case which is pending in California. Defendants also ask that plaintiff be required to file his motion for class certification and class expert disclosures sixty days after the court rules on defendants' motion for summary judgment; that defendants file their opposition to the motion for class certification and their class expert disclosures 45 days thereafter; and plaintiff file his reply

brief, if any, 15 days later.

Defendants further ask that the court retain the current deadline for addition of parties and amendment to the pleadings of June 26, 2009. Defendants agree that all other dates should be vacated and that upon resolution of defendants' motion for summary judgment, the court hold a scheduling conference and enter a new scheduling order, if necessary.

The court has considered the arguments, reviewed the record, and finds that certain deadlines are necessary to make sure the case moves along. The deadline to amend pleadings or add new parties remains at June 26, 2009. The discovery deadlines are vacated. The parties shall file a status report within fifteen days of the date of the ruling on the motion for summary judgment advising the court what discovery, if any, needs to be done. The motion for class certification, brief in support, and class expert disclosures shall be filed 60 days after the court rules on defendant's motion for summary judgment; defendants shall file their opposition to plaintiff's motion and their class expert disclosures 45 days thereafter; and plaintiff shall file his reply brief, if desired, fifteen days thereafter. All other deadlines are vacated and the court will enter a new scheduling order after resolution of the pending motions.

Accordingly, the motion to vacate the scheduling order [Doc. No. 62] is granted in part and denied in part.

IT IS SO ORDERED this 8th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE