IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROY SHEPPARD, on behalf of himself and
all others similarly situated                                      PLAINTIFF

vs.                              NO: 4:07CV01183 BSM

ORKIN EXTERMINATING COMPANY,
INC., ET AL.                                                    DEFENDANTS

## ORDER

Before the Court is defendants' motion for summary judgment [Doc. No. 49]. For the

reasons stated below, the motion is granted.

## I. BACKGROUND

Defendant Orkin, Inc. ("Orkin") is a pest control operator; defendant Rollins, Inc.

("Rollins") is Orkin's parent company. Plaintiff Roy Sheppard contacted Orkin in 1993 to

obtain "termite protection" for his property. Plaintiff received a copy of an Orkin sales

brochure which he read prior to signing a "Subterranean Termite Agreement" (contract) with

Orkin on March 9, 1993. Although plaintiff did not have any termites at the time he entered

into the contact, he did so because his bank required him to obtain termite protection as a

condition of the financing of his house in 1993.

In the spring of 2007, plaintiff saw an advertisement in a newspaper seeking plaintiffs

to sue pest control companies. Plaintiff's depo. pp. 14-15, Doc. No. 49-3. He contacted the

attorneys and on December 7, 2008, plaintiff filed a class action complaint against defendants

alleging violations of the Arkansas Deceptive Trade Practices Act, breach of contract, breach of warranty, and negligence.   Essentially, plaintiff contends that defendants sold termite protection that they never intended to provide.   Plaintiff specifically alleges that defendants have a pattern and practice of

> failing to provide the subterranean termite prevention and control services that they are required by statute, labels, good entomologic practice and contracts to provide; collecting fees for installation and maintenance of chemical barriers without fully applying or maintaining the barrier; collecting fees for periodic inspection without conducting the inspections or conducting the inspections in such a deficient manner that it fails to satisfy the purpose of the periodic inspection; placing properties under a contract to prevent termite infestations when the company knows the manner of construction with prevent effective fulfillment of the purpose of prevention services; illegally raising annual renewal fees; and of suppressing this information to generate income without providing services.

(Doc. No. 1, ¶ 1).

Plaintiff's property has never had a termite infestation or sustained termite damage. Plaintiff's depo pp. 26, 41-42, 112.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).   "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim.  *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 322.

### III.  DISCUSSION

Defendants raise a number of arguments, but as the court finds that plaintiff's claims are barred by the statute of limitations, the court need only address the limitations argument. The gravamen of plaintiff's complaint is that he did not receive the initial chemical treatment of his home that he was promised; that is, he did not receive a complete chemical barrier treatment. His claims arising out of the initial contracting with Orkin and the treating of his home accrued in 1993.  The statute of limitations for the breach of contract and warranty in Count I is five years.  Ark. Code Ann. § 16-456-111.  The breach of implied covenant of

good faith is subject to a three-year statute of limitations to the extent it sounds in tort, *see* Ark. Code Ann. § 16-56-105, and a five-year statute of limitations to the extent it sounds in contract.  Ark. Code Ann. § 15-56-111.  The breach of duty to warn claim in Count III and the negligent training, supervision and retention claims in Count IV are subject to a three-year statute of limitations. Ark. Code Ann. § 16-56-105. The statute of limitations for a violation of the Arkansas Deceptive Trade Practices Act alleged in Count V is five years. Ark. Code Ann. § 4-88-115.   Furthermore, to the extent there is a question as to the applicable statute of limitations, the Arkansas catch-all statute of limitations is five years. Ark. Code Ann. § 16-56-115.

The statute of limitations begins to run when the cause of action accrues.  For a breach of contract action, the cause of action accrues and the statute of limitations begins to run "when the plaintiff could have first maintained the action to a successful conclusion." *Dupree v. Twin City Bank*, 300 Ark. 188, 191, 777 S.W.2d 856, 858 (1989) (citation omitted).   *See Hunter v. Connelly*, 247 Ark. 486, 491, 446 S.W.2d 654, 657 (1969) (cause of action accrues moment right to commence an action comes into existence); *Oaklawn Bank v. Alford*, 40 Ark. App. 200, 203, 845 S.W.2d 22, 23 (1993) (cause of action for breach of contract accrues moment right to commence an action comes into existence, and "occurs when one party has, by words or conduct, indicated to the other that the agreement is being repudiated or breached." )  A cause of action for a tort claim accrues "the moment the right to commence an action comes into being, and the statute of limitations commences to run

from that time." *Quality Optical of Jonesboro, Inc. v. Trust Optical, LLC.*, 365 Ark. 106, 109-110, 225 S.W.2d 369, 372 (2006). *See Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 901, 935 S.W.2d 258, 261 (1996) ( "The limitations period found in Ark. Code Ann. § 16-56-105(3) begins to run when there is a complete and present cause of action, and, in the absence of concealment of the wrong, when the injury occurs, not when it is discovered.")

Plaintiff does not dispute the applicable statutes of limitations.  He contends that defendants' fraudulent concealment tolled the statutes of limitations until he learned of the bases for his claims in 2007.

The defendant has the burden of affirmatively pleading the limitations defense. However, once it appears from the face of the complaint that the action is barred by the applicable statute of limitations, the burden is on the plaintiff to prove by a preponderance of the evidence that the limitations period is tolled.  *Chalmers,* 326 Ark. at 901-02, 935 S.W.2d at 261.

> Fraud suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence. We have stated the following as the "classic language" on this subject:
>
>> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so  furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in a way that it conceals itself. And if the plaintiff, by reasonable diligence, might have detected the fraud he is presumed to have

had reasonable knowledge of it.

*Id.* at 902, 935 S.W.2d at 261-262 (citations omitted).

"Although the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, a trial court may resolve fact issues as a matter of law." *Alexander v. Flake*, 322 Ark. 239, 241, 910 S.W.2d 190, 191 (1995)

Despite plaintiff's arguments to the contrary, it is clear that plaintiff cannot meet his burden of establishing that the defendants took some affirmative act in concealing plaintiff's causes of action.  Plaintiff admits that he reads contracts carefully before he signs them. Plaintiff's depo. p. 37.  He admitted to receiving a customer satisfaction completion certificate on March 10, 1993, which indicated that no pesticide was applied .  Plaintiff's depo. p. 38., Doc. No. 49-5.  He admitted receiving and reading a copy of the sales brochure which explained where drilling would be done with the termite protection program.  Doc. No. 58-Ex. B.  Plaintiff's depo. pp. 46-47.  At the time of the initial treatment, plaintiff  was aware that the drilling was not performed in all the areas outlined in the brochure, and that it was only done in the carport.  Plaintiff's depo. pp 39, 95.   He stated that he was at home during a number of inspections, and would accompany the Orkin employee during the inspection. Plaintiff's depo. p. 22.   He stated that he had never seen an Orkin employee do anything to treat the house, or use any chemicals.  Plaintiff's depo. pp. 24, 93.  Even assuming that he did not know that a protective barrier was not initially put in, he was subsequently put on notice

that Orkin might not be living up to its contract of providing termite protection when he noticed that Orkin never applied any chemicals during the years he was under contract. Plaintiff's depo. pp. 99, 191.

Plaintiff's claims arose in 1993, and plaintiff knew or through reasonable diligence could have discovered the alleged breach, and his other causes of action in 1993 or within a few years thereafter. *See Wilson v. Gen'l Elec. Capital Auto Lease, Inc.*, 311 Ark. 83, 89, 841 S. W. 2d 619, 621 (1992) (plaintiffs did not fulfill their duty to exercise reasonable diligence in examining the contract to uncover alleged fraudulent misrepresentation; they knew or should have known of contract's actual provisions). Nothing plaintiff has presented establishes action on the part of defendants which would toll the statutes of limitations.

Accordingly, the motion for summary judgment [Doc. No. 49] is granted and the complaint is hereby dismissed with prejudice.

IT IS SO ORDERED this 26th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE